FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
JUL 5 2006
DAVID J. MALAND, CLERK
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| STEVIE HERNANDEZ | § | |
| VS. | § | CIVIL ACTION NO. 4:02cv67 |
| UNITED STATES OF AMERICA | § | |

**MEMORANDUM OPINION AND ORDER**

Movant Stevie Hernandez, an inmate at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Movant has filed a motion for relief from judgment (docket entry no. 28), a supplement to his motion for relief from judgment (docket entry no. 31), and objections to the Report of the Magistrate Judge (docket entry no. 32). This memorandum opinion and order considers such motions.

Analysis

Rule 60(b), FED. R. CIV. P. provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from operation of the judgment.

After carefully considering Movant's motion, the court has determined that Movant's motion fails to raise any meritorious issue warranting reconsideration of the court's final judgment. Thus, Movant's motion for relief from judgment should be denied.

On June 13, 2003, a Report was entered recommending that Movant's motion to vacate should be denied and dismissed with prejudice. Movant filed objections to the Report.

On August 19, 2003, a second Report was entered containing substantive changes from the first Report. Additionally, an order was entered withdrawing the previous Report. Movant filed no objections to the second Report. Therefore, Movant is not afforded *de novo* review of the Report.

However, even affording Movant's untimely objections review in light of his assertion that he did not receive the second Report, the Report of the Magistrate Judge should be adopted. The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to the referral order in this case, along with the record, pleadings and all available evidence. The court conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes Movant's objections should be overruled. It is therefore,

**ORDERED** that Movant's objections to the Report of the Magistrate Judge are **OVERRULED**. It is further

**ORDERED** that Movant's motions for relief from judgment are **DENIED**.

**SIGNED** this 30 day of June, 2006.

*Paul Brown*
PAUL BROWN
UNITED STATES DISTRICT JUDGE

3